IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Stanley Harley, | ) |
|                 Plaintiff, | ) Civil Action No. 6:06-1852-GRA-WMC |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Kenneth Bradford, Donald Kitt, Bernard G. Walker, Viola Black, John Deloach, Valerie Jones, Shirley S. Marachesi, George T. Hagan, Carl J. Frederick, et al., Defendants who may not yet be identified, sued in their individual, Un-official and official capacities, | ) |
|                 Defendants. | ) |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

The defendants filed a motion for summary judgment on August 7, 2006. By order filed August 8, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 11, 2006, the plaintiff filed a response to the motion.

**FACTS PRESENTED**

The plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") at the Allendale Correctional Institution ("Allendale"). The defendants are state employees. On August 9, 2004, the plaintiff came to the Zone 1 gate at Allendale. Officer Bradford asked the plaintiff where he was going. The plaintiff responded by showing the back of his ID, which indicates he is an insulin-dependent diabetic, and proceeded through the gate without answering Officer Bradford. Defendant Donald Kitt told the plaintiff to go back and answer Officer Bradford. The plaintiff responded, "Well, kiss my ass. I just did."

Defendant Kitt took the plaintiff to the nurse for his insulin shot and ordered the plaintiff to the holding cell after receiving his shot. Between the nurse's station and the holding cell, an altercation occurred between Officer Bradford and the plaintiff resulting in the plaintiff receiving a burst of pepper spray. The plaintiff was taken to the holding cell for the evening. The plaintiff claims he was not given food, other than a brownie given to him by the lieutenant, and he was not allowed to take a shower the night of the incident (comp. 5).

The defendants submitted the affidavit of Captain Joseph Deloach, who testified that he signed off on the incident report for the August 9th incident. He testified that "Officer Bradford used 1.6 grams of spray which represents one very short burst and is an extremely small amount of gas" (Deloach aff. ¶11). He further testified that the normal procedure is to send an inmate to the holding cell whenever there is an incident involving threatening an officer. Captain Deloach explained to the plaintiff why he had to go to the holding cell. The normal procedure at Allendale when a corrections officer uses pepper spray is to provide the inmate with running water. According to Captain Deloach, the procedure was followed for this incident (Deloach aff. ¶¶ 13-14). The incident report states that the plaintiff went toward Officer Bradford "with both fists clinched in a threatening

2

manner," and Officer Bradford then administered one short burst of pepper spray (Deloach aff., att. 1).

On the evening of August 18, 2004, nine days after the incident, the plaintiff was taken to the infirmary and later was transferred by ambulance to the hospital (comp. 5-6).  The plaintiff alleges in his complaint that he had to go to the hospital as a result of being pepper sprayed (comp. 2), but he also states that his illness was related to his diabetes (comp. 10).  The plaintiff was released from the hospital and returned to Allendale on August 22, 2004 (comp. 6).  He filed Step 1 and 2 grievances at the institutional level regarding the pepper spray incident and appealed the agency decisions through the South Carolina Administrative Law Court.  The plaintiff filed a complaint in state court, and it was removed by the defendants to federal court.  He claims that he was subjected to cruel and unusual punishment when Officer Bradford pepper sprayed him (comp. 12).  He also alleges that he was denied due process of law because of false reports filed by the defendants, and he alleges claims for assault and battery and violation of the South Carolina Tort Claims Act.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case

3

under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

4

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## ANALYSIS

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

The evidence submitted in support of summary judgment shows that the plaintiff approached Officer Bradford in a threatening manner, and Officer Bradford gave him one short burst of pepper spray. Although the plaintiff makes the conclusory allegation in his complaint that he had to go to the hospital as a result of the pepper spray (comp. 2), there is no evidence that was the case. In fact, the plaintiff alleges later in his complaint that he was taken to the hospital as a result of his diabetes (comp. 10). Notably, the plaintiff was taken to the hospital nine days after the incident at issue.

In *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc), the court held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." Further, "extraordinary

5

circumstances are present when 'the force used [is] of a sort repugnant to the conscience of mankind … or the pain itself [is] such that it can properly be said to constitute more than *de minimis* injury.'" *Taylor v. McDuffie*, 155 F.3d 479, 483-84 (1998) (citing *Norman*, 25 F.3d at 1263 n. 4).

Likewise, in the present case, the lack of any serious injury compels the conclusion as a matter of law that the plaintiff suffered no constitutional deprivation when he was sprayed with pepper spray by defendant Bradford. *See id.* at 484 ("temporary swelling and irritation is precisely the type of injury this Court considers *de minimis*."); *Stanley v. Hejirika*, 134 F.3d 629, 637-38 (4th Cir. 1998) ("bruising of his right arm, left jaw, left and right wrists and back, and a tooth which was loosened" constituted *de minimis* injury). Moreover, the United States Supreme Court has noted that "not ... every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citation omitted). The Court further states, "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* use of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10. The "core judicial inquiry" in evaluating an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7.

Based upon the foregoing, this court finds that the plaintiff has failed to show an issue of material fact on the Eighth Amendment claim. The plaintiff also alleges that the defendants denied him due process of law. However, he has submitted no evidence in support of his allegations. Accordingly, summary judgment should be granted on the plaintiff's constitutional claims.

The defendants contend that they are also entitled to qualified immunity for the claims brought against them in their individual capacities. Qualified immunity protects

government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it. *Id.* Thus, in ruling on a defense of qualified immunity, a court must (1) identify the specific right allegedly violated; (2) determine whether at the time of the alleged violation the right was clearly established; and (3) if so, determine whether a reasonable person in the official's position would have know that his action would violate the right. *Pritchett v. Alford,* 973 F.2d 307, 312 (4th Cir. 1992).

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne,* 526 U.S. 286, 290 (1999); *see also Suarez Corp. Indus. v. McGraw,* 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson,* 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott,* 156 F.3d 563, 567 (4th Cir. 1998).

In this case, as set forth above, the plaintiff has failed to demonstrate that the actions of the defendants violated any of his constitutional rights. Therefore, the defendants are entitled to qualified immunity.

7

The plaintiff's claims under the South Carolina Tort Claims Act should be dismissed as the plaintiff has failed to assert any facts that would imply gross negligence on the part of the defendants. Therefore, the alleged acts of the defendants fall within the exception to the waiver of immunity set forth in South Carolina Code Annotated Section 15-78-60(25).[1]

To the extent the plaintiff has alleged any other state law claims against the defendants, the court should decline to exercise supplemental jurisdiction over any such claims as it is recommended that summary judgment be granted on the federal claims. *See* 28 U.S.C. §1367(c).

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

December 6, 2006

Greenville, South Carolina

---

[1] This section provides:

> The governmental entity is not liable for a loss resulting from:
> \*\*\*
> (25) responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner . . . .