UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Stanley Harley,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Kenneth Bradford, Donald Kitt, Bernard G. Walker, Viola Black, John Deloach, Valerie Jones, Shirley S. Marachesi, George T. Hagan, Carl J. Frederick, et al., Defendants who may not yet be identified, sued in their individual, un-official and official capacities,<br><br>　　　　Defendants. | C/A No. 6:06-1852-GRA-WMC<br><br>ORDER<br><br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on December 7, 2006, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

Defendants filed a motion for summary judgment on August 7, 2006.  Plaintiff responded on September 11, 2006.  The magistrate

1

recommended that summary judgment be granted because plaintiff's alleged injuries, even if true, are *de minimus* and thus do not rise to the level of a constitutional deprivation under the Eighth Amendment.

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive

further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on December 22, 2006.

Plaintiff objects that defendant Kitt is a non-security employee and acted outside the scope of his responsibilities. The magistrate did not assess whether defendant Kitt was entitled to immunity because he determined there was no violation of plaintiff's Eighth Amendment rights. Plaintiff's objection, even if true, does not change the magistrate's analysis.

Plaintiff objects that the officer who sprayed him with pepper spray was intoxicated at the time. Again, this objection does not address the magistrate's finding that plaintiff's injuries were *de minimus*.

Plaintiff objects that he was not fed following his insulin shot, which could have placed him in a diabetic coma. In his complaint, however, he claims that a lieutenant gave him a brownie. *Complaint p. 5*. Deprivation

3

of food for a very short time does not rise to the level of an Eighth Amendment violation. In *Rhodes v. Chapman*, 452 U.S. 337 (1981), the Court held that plaintiff's Eighth Amendment claim failed because he had not proven serious deprivation of a basic human need. Here, although food is certainly a basic human need, the deprivation was for a short time and cannot be considered serious.

Plaintiff objects that he did not threaten anyone and did not approach defendant Bradford with clenched fists. Again, this objection does not change the analysis that his injury was *de minimus*.

Plaintiff claims that the magistrate overlooked exhibits and affidavits submitted by plaintiff in opposition to the motion for summary judgment. Plaintiff provides no basis for this belief other than that the magistrate's Report and Recommendation does not specifically mention each piece of evidence offered by plaintiff. The magistrate concluded as a matter of law that the injury did not rise to a constitutional violation, and so this may explain why some portions of the record were "overlooked," in plaintiff's opinion.

Plaintiff objects that the Court should first grant his motion to

4

compel before considering the motion for summary judgment. None of the proposed discovery would aid the Court in determining whether plaintiff's injury is of a serious nature.

Plaintiff reminds the Court that he also alleged a violation of his rights under the South Carolina Constitution and under the South Carolina Tort Claims Act. This case was removed from state court on June 21, 2006. The Court had supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367. Section 1367(c)(3) provides, however, that the Court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."

District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). "[W]hen a district court may relinquish jurisdiction over a removed case involving [supplemental] claims, the court has discretion to remand the case to state court." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). In its discretion, the Court has considered "convenience and

fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110. Having carefully weighed those factors, the Court is of the opinion that the remaining state claims should be remanded to the state court for adjudication.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment be GRANTED as to the federal claims. Plaintiff's motion to compel is DENIED WITHOUT PREJUDICE with leave to re-file in state court.

IT IS FURTHER ORDERED that the remaining state law claims be REMANDED to the Richland County Court of Common Pleas.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
February 5, 2007

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.